**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION**

**KAIVA, LLC**            **PLAINTIFF**

**V.**            **NO. 1:15-CV-63-DMB-RP**

**MICHAEL PARKER and
DEBRA PARKER**            **DEFENDANTS**

**ORDER ON MOTIONS IN LIMINE**

Before the Court are two motions in limine filed by Michael Parker and Debra Parker, Doc. #59; Doc. #60;[1] to which Kaiva, LLC, responded in opposition.[2]

**I
*In Limine* Standard**

"The purpose of a motion in limine is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence. Evidence should not be excluded in limine unless it is clearly inadmissible on all potential grounds." *Harkness v. Bauhaus U.S.A., Inc.*, No. 3:13-cv-129, 2015 WL 631512, at *1 (N.D. Miss. Feb. 13, 2015) (internal citations and quotation marks omitted).

**II
Patel Comment**

The Parkers seek to exclude at trial any reference to the comment Michael Parker made in his December 3, 2016, deposition that "a Patel is a Patel is a Patel." Doc. #59 at 2. Specifically, they argue that, under Federal Rule of Evidence 403, the comment is unfairly prejudicial because it

---

[1] The motions, filed January 5, 2017, are titled, respectively, "Defendants' Motion *in Limine* to Exclude from Trial Reference to Defendant Michael Parker's Comment in His Deposition – "A Patel Is A Patel Is A Patel" and "Defendants' Motion *in Limine* to Exclude the WREG News Telecast Accusation That Defendant Michael Parker Was Fired From His Job at the Utilities Department for the City of Holly Springs, Mississippi, for Skimming Money." Seemingly identical motions were originally filed December 5, 2016, but, as instructed by the Clerk of the Court, were refiled with separate exhibits and exhibit descriptions, along with a notice of conventional filing for the DVD exhibit. At no point were supporting memorandum briefs filed with the motions.

[2] Doc. #56; Doc. #57.

"would be taken as derogatory towards a particular ethnic group." *Id*. at 2.

Rule 403 of the Federal Rules of Evidence provides:

> The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

"[O]nly *unfair* prejudice, *substantially* outweighing probative value … permits exclusion of relevant matter under Rule 403." *United States v. Barnes*, 803 F.3d 209, 221 (5th Cir. 2015) (quoting *United States v. Pace*, 10 F.3d 1106, 1115 (5th Cir. 1993)).

Kaiva responds that the comment is supposed to show Michael's "reluctance" to deal with "Indian-American" franchisees. Doc. #56 at 1. Kaiva argues that such is of consequence because the parties agreed to sell the subway franchise Kaiva operated to a third party and, in an attempt to consummate that agreement, Kaiva referred several "Indian-Americans" to the Parkers as potential buyers but the sale never occurred.

The Parkers fail to address the probative value of the proffered comment as argued by Kaiva and thus do not address whether any unfair prejudicial effect it may cause substantially outweighs any probative value it may have as required for exclusion under Rule 403. Accordingly, the Court cannot conclude that the comment is clearly inadmissible on all grounds. Therefore, the motion to exclude the Patel comment will be denied.

### III
### Skimming Reference

Defendants also seek to exclude at trial "any reference to the unsupported accusation by WREG News, or anyone else, that Defendant Michael Parker was fired from his job … for skimming money." Doc. #60 at 2–3. In response, Kaiva concedes that neither the WREG News

2

broadcast itself nor the challenged accusations contained within the broadcast are relevant.[3] As such, Kaiva represents that it will not seek to introduce the accusations contained within that news broadcast or those same accusations made anywhere else. Defendants' motion on this subject will therefore be denied as moot.

## IV
## Conclusion

For the reasons above, the motion in limine concerning the Patel comment [59] is **DENIED** and the motion in limine concerning skimming [60] is **DENIED as moot**.

**SO ORDERED**, this 6th day of April, 2017.

/s/ Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[3] Specifically, Kaiva states that:

> the news broadcast that is the subject of Defendant's motion is not relevant to the matters at issue in this action, and, absent some attempt by Defendant to interject evidence concerning Michael Parker's employment at the Utility Department of Holly Springs, Mississippi, or his reasons for departing that employment, can contemplate no reason why he would seek to admit such evidence at trial.

Doc. #57 at 1.

3